IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID COLETTA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OCWEN FINANCIAL CORPORATION | : | NO. 14-CV-6745 |

MEMORANDUM AND ORDER

**Ditter, J.**                                                                                             September 21, 1015

    This case comes before the court on Defendant's renewed motion to dismiss Plaintiff's RICO complaint (Dkt. # 13).[1]  For the reason that follows, I will grant Defendant's motion.

    Plaintiff, David Colletta, and those he represents, are the owners of four insured, mortgaged properties.  Each of the properties were damaged through an accident covered by an insurance policy.  However, in each instance, the insurance payment was made payable to Coletta and the mortgagee which refused to make the entire payment available to Coletta.  That refusal is the basis for this suit.

    The defendant, Ocwen Financial Corporation, is the successor by purchase to companies involved in the withholding of the insurance proceeds.  Coletta contends that

---

[1] Plaintiff, David Coletta's, initial complaint was filed on December 4, 2014.  Defendant, Ocwen Financial Corporation, filed a motion to dismiss for failure to state a claim on January 2, 2015.  This case was transferred to my docket on January 16, 2015.  On January 21, 2015, after reviewing the complaint and the motion to dismiss, I ordered Coletta to file a RICO case statement and stayed the motion to dismiss.  After receiving a wholly insufficient RICO statement, I gave Coletta one more opportunity to set forth a RICO claim and ordered him to file an amended RICO statement.  Thereafter, Ocwen renewed its motion to dismiss.

the failure of the predecessor companies to send the entire insurance payment to the property owners involved wire fraud, mail fraud, and bank fraud and that Ocwen became liable for their actions when it purchased the predecessor companies.  He contends this conduct is in violation of 18 U.S.A. § 1962(b) which prohibits "any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."  However, Coletta does not allege that Ocwen acquired its interest in the other companies through any racketeering activity.  Thus, there are no facts alleged which would support a claim under this section of the RICO statute.

Coletta's only potentially viable RICO claim, based on his compliant, would be pursuant to § 1962(c) which provides that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C.A. § 1962(c).  A person may be an individual or a corporation.

Coletta alleges in paragraph 59 of his complaint that Ocwen is a person, in paragraph 61 that Ocwen engaged in a pattern of racketeering activity through the insurance proceeds activities and the collection of an unlawful debt, and in paragraph 60

that Ocwen is the needed enterprise.² His claim is that Ocwen (through its purchase of the predecessor companies) engaged in wire fraud, etc., in order to retain insurance proceeds in excess of the amount that it would be entitled to based on his mortgage obligation.

Although Ocwen has raised a variety of reasons to dismiss this complaint, I find that these assertions are fatal to Coletta's case, and in and of themselves make dismissal of the complaint necessary. As the Supreme Court has recognized, "to establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person;' and (2) and an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, LTD. v. King,* 533 U.S. 158, 162 (2001). The law is clear that the person who engages is a pattern of racketeering activity cannot be the same entity as the enterprise. *Jaguar Cars, Inc. v. Royal Oaks Motor Company, Inc.*, 46 F.3d 258, 268 (3d Cir. 1995). Thus, while "alleging conduct by officers or employees who operate or manage a corporate enterprise satisfies this requirement" because "[a] corporation is an entity distinct from its officers or employees[,]" where a party seeks to hold a corporation liable under § 1962(c), the party must allege and establish that the corporation "engages in racketeering activity as a 'person' in another

---

² In Coletta's Amended RICO Case Statement, he reiterates that Ocwen is both a defendant that carried on a pattern of racketeering activity and part of the enterprise. *See* ¶¶ 2 and 6. He also comments, "Defendant is a member of the Enterprise but has a (sic) existence separate and distinct from the Enterprise." *See* ¶ 6(f). He then goes on to state, "Plaintiff does not allege that the Defendant is the Enterprise itself. [] On the other hand, Defendant, OCWEN may itself, be considered an enterprise as defined by 18 U.S.C. §19641(4) insofar as it is a (sic) both corporation and a group of individuals associated in fact (i.e. the predecessor companies acquired by merger)." *See* ¶ 6(g).

distinct 'enterprise' since only 'persons' are liable for violating § 1962(c)." *Id.* (citing *Petro-Tech, Inc. v. Western Co. of North Am.,* 824 F.2d 1329, 1358 (3d Cir. 1987)). Clearly, the distinctiveness requirements are not met.

I cannot give Coletta leave to amend his complaint. He could only correct its deficiency by contradicting that to which he has already sworn. *See Gasoline Sales, Inc. v. Aero Cales Company et al.*, 39 F. 3d 70, 74 (3d Cir. 1994).

In view of the obvious defect in Coletta's complaint, I deem it unnecessary to address the other reasons cited by Ocwen in support of its motion.

An appropriate order follows.